## CIMARRON UTILITIES CO. v. CORPORATION COMMISSION (three cases).

Nos. 24926-24928.   Oct. 28, 1941.

*118 P. 2d 661.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, for plaintiff in error.

L. V. Reid, of Oklahoma City, for defendant in error.

PER CURIAM.   These three cases present for review certain rate making

orders of the Corporation Commission fixing rates for natural gas.

It was found necessary to remand the causes to the Corporation Commission for further hearings and findings, which further hearings have been conducted, and the Corporation Commission has filed herein its report of such hearings and its specific findings of fact.

The record of the hearings and the specific findings of fact demonstrate to a mathematical certainty that the original rate orders were erroneous, and that the revenue forecast on which the rate orders were based had no proper or justifiable basis or foundation, and definitely could not be borne out and supported by actualities.

While the final report of the Corporation Commission and findings of specific facts do not purport to be an express confession of error, the record conclusively discloses error and demonstrates the same to an absolute and definite certainty. The findings of fact are fully acquiesced in by both parties and their counsel.

Therefore, we conclude the record presents no possible basis for further controversy and clearly discloses the necessity for reversal of the original rate making orders. In view of these circumstances, we deem it wholly unnecessary to discuss the complicated details which resulted in the entry of the original orders.

The rate orders appealed from are reversed, and the Corporation Commission is directed to properly show such reversal of record.

WELCH, C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., dissent. BAYLESS, J., absent.

---

RILEY, J. (dissenting). On October 15, 1934, a motion to reverse was filed in these causes involving reductions in gas rates in the towns of Hooker, Guymon, Tyrone, Beaver, Texhoma, and Goodwell.

Under rule 6 of this court this motion was proper in that it was a "communication . . . only by written motion . . . served upon all opposing counsel. . . ."

My objection to the decision and opinion of the majority is that, as provided by our rule, the Corporation Commission may not have been afforded "a reasonable time to respond" to the motion which apparently terminates this abortive proceeding, commenced in good faith in the proper forum provided for redress of grievances of the character herein involved. The fact is, no response has been filed on behalf of the Corporation Commission, and having agreed with proponents for revision downward of the gas rates, it now represents those proponents on appeal.

If, as now adjudicated, the Corporation Commission did not properly function to reach its conclusion on the alleged wrong—an overcharge for gas service—the fault, if it be in the mechanics of government, should be stressed so that it may be remedied. If, on the other hand, the original alleged facts concerning the overcharge are false, that matter should be agitated a bit so that an adjudication of false predicate, upon which to base a reduction of gas rates, may be disclosed.

On May 10, 1940, this court, on the Utilities' motion, remanded these causes to the Corporation Commission for further investigation and findings. The Corporation Commission, on October 11, 1941, filed its report and finding, together with transcript of the proceedings.

The majority decision is grounded on the transcript and records heretofore made in this court, which include the motion to reverse; whereas, there has been neither response brief nor oral argument before this court subsequent to the last findings had by the Corporation Commission.